IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DANNY A. GREEN,

    Petitioner,

v.                                                      CASE NO. 1:12-cv-199-SPM-GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Danny A. Green, Florida Department of Corrections Inmate # G12555. Petitioner seeks habeas corpus relief in connection with his Alachua County convictions for two counts of attempted sexual battery and one count of sexual performance by a child.

This is Petitioner's third habeas corpus petition challenging the same conviction. In *Green v. McNeil,* Case No. 1:09-cv-204-MP-GRJ, Petitioner contended that his constitutional rights were violated by the lack of a probable cause affidavit supporting the charging information. (*Id.* at Doc. 1.) That § 2254 petition was denied July 15, 2011. (Docs. 67, 71.) On September 21, 2011, Petitioner initiated another habeas petition, arguing that it was a petition under § 2241, alleging that the DOC lacked jurisdiction to receive him into custody because "no supporting probable cause affidavit or oath exists for any alleged offense identified in the State information." *Green v. Pippin*, Case No. 3:11-cv-457-MCR-CJK. The Court concluded that Petitioner was

challenging the very fact of his confinement itself and therefore § 2254 applied.  The petition was dismissed as successive on January 15, 2012.  Petitioner was afforded the opportunity to present a copy of any Eleventh Circuit order authorizing him to file a second or successive § 2254 petition but failed to do so.  (*Id.* at Docs. 12, 17, 20.)

In the instant habeas petition, Petitioner presents virtually identical arguments raised in his second petition – that § 2254 does not apply, and that the DOC does not have appropriate documentation (i.e., probable cause affidavit) or jurisdiction to detain him.  (Doc. 1.)  Once again, Petitioner's argument that the restrictions of § 2254 do not apply is without merit.  He is in custody pursuant to a judgement of a State court and is challenging the very fact of his confinement.  *See* 18 U.S.C. § 2254.  Petitioner "cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition."  *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004).

In order to file a second or successive § 2254 petition, the Petitioner must first obtain an order from the court of appeals authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A).  Absent authorization, the district court lacks jurisdiction to consider a second or successive petition.  *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (addressing a successive motion to vacate under 28 U.S.C. § 2255).  There is nothing in the record that reflects that Petitioner has been granted leave by the Eleventh Circuit to file a second or successive habeas corpus petition, and thus this Court lacks the authority to entertain Petitioner's claim.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254, Doc. 1, be **DISMISSED**.

**IN CHAMBERS** this 20th day of September 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**